















MNA    1/15/03    15:27

3:03-CV-00091    ZALDIVAR V. DALY

*1*

*CMP.*

LUIS ZALdiVAR
(Name)
P.O.BOX-5242
(Address)
CORCORAN, CA 93212
(City, State, Zip)
J-65981
(CDC Inmate No.)

2254 ___ 1983 X
FILING FEE PAID
Yes ___ No X
IFP MOTION FILED
Yes X No ___
COPIES SENT TO
Court IN° ProSe N°

FILED

JAN 1 4 2003

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# United States District Court
## Southern District of California

LUIS ZALdiVAR ,
(Enter full name of plaintiff in this action.)

                Plaintiff,

v.

DR. KEVING P. DALY ,
DR. RAMSEY ,
_____ ,
_____ ,
(Enter full name of each defendant in this action.)

             Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

'03 CV 0091 H (LAB)

Civil Case No. _____
(To be supplied by Court Clerk)

Complaint Under the
Civil Rights Act
42 U.S.C. § 1983

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

_____

## B. Parties

1. <u>Plaintiff</u>: This complaint alleges that the civil rights of Plaintiff, LUIS ZALdiVAR
(print Plaintiff's name)
_____, who presently resides at CORCORAN CALIFORNIA
(mailing address or place of confinement)
STATE PRISON _____, were violated by the actions

of the below named individuals. The actions were directed against Plaintiff at _____

DONOVAN CENTral HEALTH STATE PRISon on (dates) _____, _____, and _____
(institution/place where violation occurred)     (Count 1)    (Count 2)    (Count 3)

2. <u>Defendants</u>: (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant _KEVING P. DALY_ resides in _SANDIEGO CALIFORNIA_,
    (name)                                     (County of residence)
and is employed as a _ALVARADO HOSPITAL  DOCTOR_. This defendant is sued in
                      (defendant's position/title (if any))
his/her ☐ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: _I WAS TAKEN TO THE ALVARADO HOSPITAL, ON MAY 17-_

_2002. EVEN THOUGH I HADN'T EATEN FOR THIS DOCTOR DID A_

_CURE MALPRACTICE_

Defendant _DR. RAMSEY_ resides in _SANDIEGO CALIFORNIA_,
    (name)                                     (County of residence)
and is employed as a _ALVARADO HOSPITAL A. DOCTOR_. This defendant is sued in
                      (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: _I WAS TAKEN TO THE ALVARADO HOSPITAL, ON MAY 17-_

_2002 EVEN THOUGH I HADN'T EATEN FOR THIS DOCTOR DID A_

_CURE MALPRACTICE_

Defendant _____ resides in _____,
    (name)                                     (County of residence)
and is employed as a _____. This defendant is sued in
                      (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: _____

_____

_____

Defendant _____ resides in _____,
    (name)                                     (County of residence)
and is employed as a _____. This defendant is sued in
                      (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting

under color of law: _____

_____

_____

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: _____

(E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

I WAS TAKEN TO THE ALVARADO HOSPITAL, ON MAY 17-2002, EVEN THOUGH I HADN'T ENTEN FOR OVER A WEEK DUE TO PROBLEM WITH HEPATITIS, DR DALY NEVER CHECKED MY STOMACH, I WAS FORCEFULLY TIED TO A BED WHERE A CATHETER WAS PUT IN MY PENIS PERMANENTLY DAMAGING MY TESTICLES ALSO AN "ELECTROEN-CE" PHOLOGRAMA WAS CONDUCTED WITH NO EXPLANATION GIVEN NOR WERE THE RESULT GIVEN TO me blood work WAS ALSO DONE WITH NO RESULT GIVEN. ALL OF THIS WAS done without my CONSENT, PRIOR OF TREATMENT OR EXPLANATIONS OF WHAT WAS WRONG.

ELECTROENCE PHOLOGRAMA FOR THAT I would LIKE TO THESE DOCTORS TO PAY TO ME FIVE HUNDRE THOUSAND, 500,000 DOLLARS. FOR MY STOMACH PROBLEM, AND THE CATHETER I would LIKE TO THESE DOCTOR PAY TO ME ANOTHER FIVE HUNDRED THOUSAND. 500.000 DOLLARS FOR THE BLOOD WORK WITHOUT MY CONSENT I would LIKE TO THESE DOCTORS TO PAY TO me ANOTHER FIVE HUNDRED THOUSAND 500,000 DOLLARS.

Count 2:  The following civil right has been violated: _____

(E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:  [Include all facts you consider important to Count 2.  State what happened clearly and in your own words.  You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

N/A

<u>Count 3</u>:  The following civil right has been violated: _____

(E.g., right to medical care, access to courts,

_____.

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts</u>:   [Include all facts you consider important to Count 3.  State what happened clearly and in your own words.  You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

N/A

**D. Previous Lawsuits and Administrative Relief**

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? □ Yes ☒ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a)  Parties to the previous lawsuit:
Plaintiffs: _LUIS ZALDIVAR_

Defendants: _DR. DALY, AND DR RAMSEY._

(b)  Name of the court and docket number: _____

(c)  Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____

(d)  Issues raised: _____ N/A _____

(e)  Approximate date case was filed: _____

(f)  Approximate date of disposition: _____

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? □ Yes □ No.

If your answer is "Yes", briefly describe how relief was sought and the results.  If your answer is "No", briefly explain why administrative relief was not sought.
_I FOLLOWED APPEAL 602 TO THE CALIFORNIA DEPARTMENT OF CORRECTIONS WITH NO REMEDY._

**E. Request for Relief**

Plaintiff requests that this Court grant the following relief:

1. An injunction preventing defendant(s): _I LIKE THAT THESE PEOPLE PAY TO ME FOR MY PAIN and SUFFERING FOR THE DEFORMED CONDITION THAT THEY LEFT ME IN I HAVE TO LIVE THIS WAY FOR THE REST OF MY LIFE_

2. Damages in the sum of $ _1,000,000,500,000_

3. Punitive damages in the sum of $ _1,000,000,500,000_

4. Other:_____

---

**F. Demand for Jury Trial**

Plaintiff demands a trial by ☐ Jury ☐ Court. (Choose one.)

**G. Consent to Magistrate Judge Jurisdiction**

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

_____
Date

_____
Signature of Plaintiff

§ 1983 SD Form
(Rev. 5/98)

7

K:\COMMON\EVERYONE\1983\1983FORM.COM

# INMATE/PAROLEE APPEALS SCREENING FORM
CDC 695 Rev. 3/95

| INMATES NAME | CDC NUMBER | LOG NUMBER |
|---|---|---|
| Zaldivar | J.65981 | |
| **LOCATION** CSATF | | **UNIT** E 2. 145L |

Your appeal is being returned to you for the following reason(s):

☐ 1. The reason or decision being appealed is not within the jurisdiction of the Department.
INSTRUCTIONS _____

_____

☐ 2. You have submitted a duplicate appeal on the same issue.
CHECK ONE

    ☐ Your first appeal is currently under review at the _____ level.

    ☐ Your first appeal has been completed at the Director's Level.

☐ 3. You are appealing an action not yet taken.

☐ 4. You have not attempted to resolve the problem at the informal level.
INSTRUCTIONS _____

This is a Request.
Submit the attached
GA.22, Inmate Request to
Interview form to Medical

☐ 5. You have not adequately completed the Inmate/Parolee Appeal Form (CDC 602).
INSTRUCTIONS _____
Records requesting a Medical
Olsen Review.

☐ 6. Documents not attached:
      --Reasonable Modification or Accommodation Request (CDC 1824)
      --CDC 115 and 115-A
      --CDC 1030
      --CDC 128-G
      --CDC 128-C
      --Other
INSTRUCTIONS _____

☐ 7. There has been too great a time lapse between when the action or decision occurred and when you filled your appeal, with no explanation of why you did not, or could not file in a timely manner.

☐ 8. This issue has been appealed by:
NAME _____ CDC NUMBER _____ UNIT _____

☐ 9. Abuse of the appeal procedure.
INSTRUCTIONS _____

_____

☐ 10. You may not submit an appeal on behalf of another inmate.

☐ 11. The requested action has been granted at the second level of review and no further action is required.

**CSATF APPEALS**

APPEALS COORDINATOR'S SIGNATURE

DATE SIGNED AUG 19 2002

This screening decision may not be appealed unless you allege that the above reason is inaccurate. In such a case, please return this from to the Appeals Coordinator with the necessary information.

**PERMANENT ATTACHMENT DO NOT REMOVE**

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: **OCT 1 7 2002**

In re:    Zaldivar, J-65981
California Substance Abuse Treatment Facility and
State Prison at Corcoran
P.O. Box 7100
Corcoran, CA 93212

IAB Case No.: 0201969          Local Log No.:  RJD  02-838

This matter was reviewed on behalf of the Director of the California Department of Corrections (CDC) by Appeals Examiner C. Hollis, Facility Captain.  All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:**  It is the appellant's position that, while housed at the Richard J. Donovan Correctional Facility at Rock Mountain, Dr. Ramsey did not provide him proper medical treatment.  The appellant requests proper medical treatment.

**II   SECOND LEVEL'S ARGUMENT:**  It is staff's position that the appellant's request for medical treatment was given to the staff physician and was to be seen in sick call.  The Second Level Review determined the appellant's allegations against Dr. Ramsey were not substantiated.  The appeal was granted in part by the institution.

**III  DIRECTOR'S LEVEL DECISION:**  Appeal is denied.

   **A.  FINDINGS:**  The Second Level Review determined the appellant's allegations against Dr. Ramsey were not substantiated and that he was scheduled to by seen in sick call by the staff physician.  Inmates may not demand a particular medication, diagnostic evaluation, or course of treatment.  The appellant is encouraged to cooperate with health care staff to ensure the proper diagnosis and treatment of his health care problems.

   **B.  BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3350, 3354

   **C.  ORDER:**  No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDC.


RICK MANUEL, Chief (A)
Inmate Appeals Branch

cc:    Warden, SATF
Health Care Manager, SATF
Appeals Coordinator, SATF
Medical Appeals Analyst, SATF
Appeals Coordinator, RJD
Medical Appeals Analyst, RJD

STATE OF CALIFORNIA

SATF

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region  RJD

Log No. 02-838

Category RUD

1. _____   1. _____

2. _____   2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME _Coldwine, Luis_   NUMBER _069381_   ASSIGNMENT _DR. RUMSEY 19_   UNIT/ROOM NUMBER _A. SFG115_

**A. Describe Problem:** On 5/17/02, on my Returning from the hospital from the street Dr. Kevin P. I was sent to central infirmary, from central infirmary I was sent to Ad. Seg. F. in ad seg I was sent back to central infirmary due to the fact that I was bleeding profusely from my rectom and I had my penis to my testicles. (4) 5 days I was placed in a straight jacket. I need Doctor Rumsey did so apply proper medical —

If you need more space, attach one additional sheet.

**B. Action Requested:** Request I may receive proper medical treatment due to the fact that I am in Danger.

Inmate/Parolee Signature: _____   Date Submitted: 5/31/02

**C. INFORMAL LEVEL** (Date Received: _____ )

Staff Response: _____

RECEIVED
AUG 19 2002
LAW
BRANCH
APPEALS

Staff Signature: _____   Date Returned to Inmate: _____

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

Signature: _____   Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

attention to sue Bling that I Did no Receive
Eny type of medication for the Pain I was
still am suffering. the medication that
was give to me I think has some thing to
Do with Phych meds, I have never had
Enything Like this happen to me before
don't take advantage of my situation.

State of California                                          Department of Corrections

# Memorandum

Date:      June 26, 2002

                                        JUL 1 1 ☐ .            $\lambda$

To:       ZALDIVAR, L. J-65981
          Richard J. Donovan Correctional Facility at Rock Mountain


Subject:  SECOND LEVEL APPEAL RESPONSE LOG NUMBER: 02-805

ISSUE:

It is the appellant's position that Dr. Ramsey did not apply proper medical attention.

INTERVIEWED BY: L. Raupe, Health Care Appeals Coordinator

REGULATIONS: The rules governing this issue are:

**California Penal Code Section (PC) 832.7.     Personnel records; confidentiality; discovery; exceptions; complaint disposition notification.**

  (a)  Peace officer personnel records and records maintained by any state or local agency pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code. This section shall not apply to investigations or proceedings concerning the conduct of police officers or a police agency conducted by a grand jury, a district attorney's office, or the Attorney General's office.

  (b)  Notwithstanding subdivision (a), a department or agency shall release to the complaining party a copy of his or her own statements at the time the complaint is filed.

  (c)  Notwithstanding subdivision (a), a department or agency which employs peace officers may disseminate data regarding the number, type, or disposition of complaints (sustained, not sustained, exonerated, or unfounded) made against its officers if that information is in a form which does not identify the individuals involved.

  (d)  Notwithstanding subdivision (a), a department or agency which employs peace officers may release factual information concerning a disciplinary investigation if the peace officer who is the subject of the disciplinary investigation, or the peace officer's agent or representative, publicly makes a statement he or she knows to be false concerning the investigation or the imposition of disciplinary action.  Information may not be disclosed by the peace officer's employer unless the false statement was published by an established medium of communication, such as television, radio, or a newspaper.  Disclosure of factual information by the employing agency pursuant to this subdivision is limited to facts contained in the peace officer's personnel file concerning the disciplinary investigation or imposition of disciplinary action that specifically refute the false statements made public by the peace officer or his or her agent or representative.

**California Penal Code Section (PC) 832.7.   Personnel records; confidentiality; discovery; exceptions; complaint disposition notification (Cont.).**

(e) The department or agency shall provide written notification to the complaining party of the disposition of the complaint within 30 days of the disposition.

The notification described in this subdivision shall not be conclusive or binding or admissible as evidence in any separate or subsequent action or proceeding brought before an arbitrator, court, or judge of this state or the United States.

(f)   Nothing in this section shall affect the discovery or disclosure of information contained in a peace officer's personnel file pursuant to Section 1043 of the Evidence Code.

**PC 832.7.   Personnel records; confidentiality; discovery; exceptions; complaint disposition notification**

(a) Peace officer personnel records and records maintained by any state or local agency pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code. This section shall not apply to investigations or proceedings concerning the conduct of police officers or a police agency conducted by a grand jury, a district attorney's office, or the Attorney General's office.

(e) The department or agency shall provide written notification to the complaining party of the disposition of the complaint within 30 days of the disposition.

**California Code of Regulations, Title 15, Section (CCR) 3004.   Rights and Respect of Others.**

(a) Inmates and parolees have the right to be treated respectfully, impartially, and fairly by all employees. Inmates and parolees have the responsibility to treat others in the same manner. Employees and inmates may use first names in conversation with each other when it is mutually acceptable to both parties.

(b) Inmates, parolees and employees will not openly display disrespect or contempt for others in any manner intended to or reasonably likely to disrupt orderly operations within the institutions or to incite or provoke violence.

(c) Inmates, parolees and employees will not subject other persons to any form of discrimination because of race, religion, nationality, sex, political belief, age, or physical or mental handicap.

**CCR 3391. Employee Conduct.**

(a) Employees shall be alert, courteous, and professional in their dealings with inmates, parolees, fellow employees, visitors and members of the public. Inmates and parolees shall be addressed by their proper names, and never by derogatory or slang reference. Prison numbers shall be used only with names to summon inmates via public address systems. Employees shall not use indecent, abusive, profane, or otherwise improper language while on duty. Irresponsible or unethical conduct or conduct reflecting discredit on themselves or the department, either on or off duty, shall be avoided by all employees.

Upon review of the documentation submitted, the appeal and the appellant's interview, all of the available information has been reviewed and evaluated by administrative staff.

If staff misconduct was substantiated, the institution will take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. Upon culmination of the investigation, the appellant was notified by the respective investigative body that an inquiry has been completed and the complaint was found to be substantiated.

Although the appellant has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the appeals process.

DECISION: The appeal is Partially Granted in that the appellant's request is for medical treatment has been given to the staff physician; he will be seen soon during sick call. The appellant's allegations against Dr. Ramsey have not been substantiated.

During your interview you stated that you have not been seen during sick call, you will be seen soon. You feel that Dr. Ramsey should have given you pain medication, in fact Dr. Choo was your attending physician. A concern about your safety arose and you were placed in restraints, per Dr. Menkes, Chief Medical Officer's orders. Dr. Ramsey, Staff Psychiatrist, was available to oversee the order.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

Alan L. Menkes, D.O., FACOI
Chief Medical Officer/ Health Care Manager
Richard J. Donovan Correctional Facility at Rock Mountain

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

**CDC 1858 (2/97)**

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

*Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:*

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

**IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE.** [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| Zaldivar | | 7/2/02 | |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| Zaldivar | | J-65981 | 7/2/02 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |
| L KAYPEHOAE | K. Koppe | 7/2/02 | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

JS44
(Rev. 07/89)

**CIVIL COVER SHEET**

FILED

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

JAN 1 4 2003

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

**I (a) PLAINTIFFS**

LUIS ZALDIVAR

**DEFENDANTS**

DR KEVING R DALY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** KINGS
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

LUIS ZALDIVAR
J-65981
PO BOX 5242
CORCORAN, CA 93212

**ATTORNEYS (IF KNOWN)**

'03 CV 00091 H  (LAB)

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
**(For Diversity Cases Only)        FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

42 U.S.C. 1983

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | Medical Malpractice | ☐ 625 Drug Related Seizure | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - | of Property 21 USC881 | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☒ 550 Civil Rights | ☐ Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   **DEMAND $**   Check YES only if demanded in complaint:   **JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE   Docket Number

DATE 01/14/03   SIGNATURE OF ATTORNEY OF RECORD